UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID BENNETT,<br><br>                Plaintiff,<br><br>        v.<br><br>GAVIN NEWSOM, et al.,<br><br>                Defendants. | No.  2:24-cv-00005-DAD-EFB (PC)<br><br>ORDER AND FINDINGS AND <u>RECOMMENDATIONS</u> |

Plaintiff, a county jail inmate proceeding pro se, filed a civil rights action pursuant to 42 U.S.C. § 1983 which was referred to the undersigned by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff has also filed a motion for a temporary restraining order and an application to proceed in forma pauperis. ECF Nos. 6, 7. Both are addressed below.

**I.      Request to Proceed In Forma Pauperis**

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

**II.     Screening Requirement and Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

1

§ 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

This standard is echoed in 28 U.S.C. § 1915(e)(2), which requires that courts dismiss a case in which a plaintiff proceeds in forma pauperis at any time if it determines, among other things, that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." "[The] term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (discussing the predecessor to modern § 1915(e)(2), former § 1915(d)). Thus, § 1915(e)(2) allows judges to dismiss a claim based on factual allegations that are clearly baseless, such as facts describing "fantastic or delusional scenarios." *Id.* at 327-38.

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

### III.    Screening Order

####        A.    *Allegations of the Complaint.*

Plaintiff alleges that defendants (Gavin Newsom, Lieutenant Hambun, Correctional Officer Vargas, an unidentified Sergeant, and the Monroe Detention Center) are denying him his First Amendment right to access the courts by refusing to transfer plaintiff's money to pay filing fees or to process fee waiver applications in *Bennett v. Monroe Det'n Ctr., et al.,* E.D. Cal. Case No. 2:22-cv-2157-DP P (hereinafter *Bennett* 1) and *Bennett v. Santa Clara County Super. Ct., et al.*, N.D. Cal. Case No. 2:22-cv-07673-JSC (hereinafter *Bennett* 2).

A review of the dockets of those actions reveals the following information[1]: In *Bennett 1*, the court granted plaintiff leave to proceed in forma pauperis after taking judicial notice of plaintiff's in forma pauperis application and certified trust account statement in *Bennett v. Newsom*, 2:23-cv-00040-DAD-CKD P. *Bennet 1*, ECF No. 31. In *Bennett 2*, the court denied plaintiff leave to proceed in forma pauperis, finding that plaintiff had over $3000 in his inmate trust account. *Bennett 2*, ECF No. 11, 38. Plaintiff's motions in *Bennett 2* make clear that plaintiff did not want to pay the filing fee with COVID-19 stimulus funds received from the government. *Id.*, ECF No. 14 at 8-9. The court gave plaintiff many extensions of time to allow him to pay the fee or explain how officials were preventing payment of the fee and the steps he had taken to request payment. *Id.*, ECF No. 23. The case was ultimately dismissed when plaintiff failed to do so.

////

////

---

[1] The court takes judicial notice of the docket and contents of all docket entries in the two actions under Federal Rule of Evidence 201.

3

B. *Analysis*

Plaintiff has a constitutional right of access to the courts. *Silva v. Di Vittorio*, 658 F.3d 1090, 1101-02 (9th Cir. 2001) *overruled on other grounds as stated by Richey v. Dahne*, 807 F.3d 1202, 1209 n.6 (9th Cir. 2015). That right is limited to non-frivolous direct criminal appeals, habeas corpus proceedings, and § 1983 actions. *Lewis v. Casey*, 518 U.S. 343, 354-55 (1996).

To state a claim for denial of the right to access the courts, a prisoner must allege facts showing that he has suffered "actual injury," a jurisdictional requirement derived from the standing doctrine. *Lewis*, 518 U.S. at 349. An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Lewis*, 518 U.S. at 348 (citation and internal quotations omitted); *see also Alvarez v. Hill*, 518 F.3d 1152, 1155 n. 1 (9th Cir. 2008) ("Failure to show that a 'non-frivolous legal claim had been frustrated' is fatal" to a claim for denial of access to legal materials) (quoting *Lewis*, 518 U.S. at 353 & 353 n. 4). For backward-looking denial of access claims, where the defendant's conduct "caused the loss or inadequate settlement" a case, "the complaint must identify a remedy that may be awarded as recompense but not otherwise available in some suit that may yet be brought." *Christopher v. Harbury*, 536 U.S. 403, 413-15 (2002).

A plaintiff must also allege that the defendant's conduct prevented him from pursuing a *non-frivolous* case. *Harbury*, 536 U.S. at 415; *Lewis*, 518 U.S. at 353 & n.3; *Allen v. Sakai*, 48 F.3d 1082, 1085 & n.12 (9th Cir. 1994). A claim "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). To properly plead a denial of access to the courts claim, "the complaint should state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a), just as if it were being independently pursued, and a like plain statement should describe any remedy available under the access claim and presently unique to it." *Harbury*, 536 U.S. at 417-18.

Plaintiff has not alleged the claims underlying *Bennet 1* or *Bennet 2*. Moreover, the dockets for those actions show that the cases were not impeded by the conduct of state actors concerning plaintiff's fee payment and/or in forma pauperis status, as plaintiff alleges in this action. Rather, plaintiff was granted leave to proceed in forma paupers in *Bennet 1* and was

4

denied such status based on having sufficient funds to pay the fee in *Bennet 2*. *Bennet 1* is ongoing. In *Bennett 2*, the court dismissed the action only after giving plaintiff the opportunity to pay the fee or explain how state actors were preventing him from doing so – an opportunity plaintiff did not avail himself of.

   C.  *Leave to Amend*.

The court will grant plaintiff an opportunity to file an amended complaint to attempt to cure the defects identified in this order. Any amended complaint must comply with Federal Rule of Civil Procedure 8(a)'s direction to state each claim in a short and plain manner. The amended complaint must contain facts – not legal conclusions – supporting each element of the claims alleged.

Any amended complaint must not join unrelated claims. Federal Rule of Civil Procedure 18(a) allows a plaintiff to assert multiple claims when they are against a single defendant. Federal Rule of Civil Procedure 20(a)(2) allows a plaintiff to join multiple defendants to a lawsuit where the right to relief arises out of the same "transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Unrelated claims against different defendants must therefore be pursued in separate lawsuits. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). This rule is intended "not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees— for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." *Id*.

Any amended complaint must also contain a caption that includes the names of all defendants. Fed. R. Civ. P. 10(a). However, it should identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right and the allegations of the complaint must make clear how each defendant so participated. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

5

Plaintiff may not change the nature of this suit by alleging new, unrelated claims in the amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint.  E.D. Cal. L.R. 220.  This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case.  *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

The court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. *See* Local Rule 110.

### IV.    Motion for Temporary Restraining Order

Plaintiff has filed a motion for temporary restraining order, alleging that officials commit rape, false imprisonment, medical battery, and other bad acts against him when he tries to file an application to proceed in forma pauperis.  ECF No. 6.

A temporary restraining order may be issued upon a showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition."  Fed. R. Civ. P. 65(b)(1)(A); *Haw. County Green Party v. Clinton*, 980 F. Supp. 1160, 1164 (D. Haw. 1997) ("The standards for granting a temporary restraining order and a preliminary injunction are identical."); *cf. Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (observing that an analysis of a preliminary injunction is "substantially identical" to an analysis of a temporary restraining order).  The purpose of the order is to preserve the status quo and to prevent irreparable harm "just so long as is necessary to hold a hearing, and no longer."  *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 439 (1974).

To be entitled to preliminary injunctive relief, a party must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary

6

relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008)).

Plaintiff has not made the showing required to obtain preliminary injunctive relief. He offers no argument or evidence concerning the merits, balance of equities, or public interest, and offers only vague and outlandish statements about the alleged harm he faces. *E.g.*, ECF No. 6 at 2 (alleging that he has been given a "fake COVID-19 vaccine to modify my behavior using 4th Amendment taunting device nano technology I can feel move around like a big spider in my stomic [*sic*] constituting a form of laughing gas to lose focus of filling [*sic*] any complaints"). Accordingly, the court will recommend that the motion be denied.

### V.    Order and Recommendation

Accordingly, it is ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 7) is granted.
2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the Yolo County Sheriff's Department filed concurrently herewith.
3. The complaint is dismissed with leave to file an amended complaint within 30 days of service of this order. The amended complaint must bear the docket number assigned to this case and be titled "Amended Complaint." Failure to comply with this order may result in a recommendation that this action be dismissed for failure to state a claim and/or failure to prosecute.

It is further RECOMMENDED that plaintiff's motion for a temporary restraining order (ECF No. 6) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 19, 2024

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE