UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID BENNETT,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GAVIN NEWSOM, et al.,<br><br>　　　　　Defendants. | No.  2:24-cv-00005-DAD-EFB (PC)<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff, a county jail inmate proceeding pro se, filed a civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). On July 22, 2024, the court dismissed the complaint with leave to amend for failure to state a claim. ECF No. 8. Thereafter plaintiff filed what he styled as a supplemental complaint which includes requests for a guardian ad litem and a "preliminary injunction/TRO." ECF Nos. 10. He also separately filed motions for appointment of a guardian ad litem (ECF Nos. 11, 12), and appointment of counsel. ECF No. 15. For the reasons that follow, it is recommended that the motions be denied.

In addition, the Yolo County Sheriff's Office seeks sealing of certain records submitted to assist the court in determining the need for appointment of a guardian ad litem; the court will grant sealing of those records.

////

1

I. **Background**

Plaintiff alleges that defendants (Gavin Newsom, Lieutenant Hambun, Correctional Officer Vargas, an unidentified Sergeant, and the Monroe Detention Center) denied him his First Amendment right to access the courts by refusing to transfer plaintiff's money to pay filing fees or to process fee waiver applications in *Bennett v. Monroe Det'n Ctr., et al.,* E.D. Cal. Case No. 2:22-cv-2157-DJC-SCR (hereinafter *Bennett* 1) and *Bennett v. Santa Clara County Super. Ct., et al.*, N.D. Cal. Case No. 2:22-cv-07673-JSC (hereinafter *Bennett* 2).

A review of the dockets of those actions reveals the following information[1]: In *Bennett 1*, the court granted plaintiff leave to proceed in forma pauperis after taking judicial notice of plaintiff's in forma pauperis application and certified trust account statement in *Bennett v. Newsom*, 2:23-cv-00040-DAD-CKD P. *Bennett 1*, ECF No. 31. In *Bennett 2*, the court denied plaintiff leave to proceed in forma pauperis, finding that plaintiff had over $3000 in his inmate trust account. *Bennett 2*, ECF No. 11, 38. Plaintiff's motions in *Bennett 2* make clear that plaintiff did not want to pay the filing fee with COVID-19 stimulus funds received from the government. *Id.*, ECF No. 14 at 8-9. The court gave plaintiff many extensions of time to allow him to pay the fee or explain how officials were preventing payment of the fee and the steps he had taken to request payment. *Id.*, ECF No. 23. The case was ultimately dismissed when plaintiff failed to do so.

The dockets for *Bennett I* and *Bennett II* show that the cases were not impeded by the conduct of state actors concerning plaintiff's fee payment and/or in forma pauperis status, as plaintiff alleges in this action. Rather, plaintiff was granted leave to proceed in forma paupers in *Bennett 1* and was denied such status based on having sufficient funds to pay the fee in *Bennett 2*. *Bennett 1* was ultimately dismissed for failure to state a claim. In *Bennett 2*, the court dismissed the action only after giving plaintiff the opportunity to pay the fee or explain how state actors were preventing him from doing so – an opportunity plaintiff did not avail himself of. Accordingly, the screening order dismissed the complaint and, out of an abundance of caution,

---

[1] The court takes judicial notice of the docket and contents of all docket entries in the two actions under Federal Rule of Evidence 201.

2

gave leave to amend within 30 days. Rather than filing an amended complaint, plaintiff has filed motions for preliminary injunctive relief and appointment of a guardian ad litem.

## II.     Motions for Preliminary Injunctive Relief

Plaintiff has filed two documents requesting a preliminary injunction. ECF Nos. 10, 11. A preliminary injunction may be issued upon a showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). To be entitled to preliminary injunctive relief, a party must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008)).

In the first request, ECF No. 10, plaintiff's facts and argument in favor of an injunction are largely unintelligible and cannot be assessed according to the above-stated legal standards. ECF No. 10 at 2. Plaintiff does mention some issues that he may be seeking to redress through the motion, however, which includes: (1) his "legal mail is intercepted and will not be given until competency is restored," (2) plaintiff cannot access the law library during "heat alerts" when the temperature exceeds 95 degrees Fahrenheit; (3) plaintiff does not have access to legal forms or "L.R.A. requests"; and (4) there is "no existing law library." *Id.* at 1.

These issues are properly addressed under the All Writs Act or a separate action rather than a preliminary injunction in this case, as they do not relate to the merits of the instant action or seek a preliminary form of relief for the wrongs alleged by plaintiff in the complaint. The All Writs Act gives federal courts the authority to issue "all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. 1651(a). The United States Supreme Court has authorized the use of the All Writs Act in appropriate circumstances against persons who, "though not parties to the original action or engaged in wrongdoing, are in a position to frustrate the implementation of a court order or the proper administration of justice." *United States v. N.Y. Tel. Co.*, 434 U.S. 159, 173-74 (1977). To obtain an order under the All Writs Act, the requested order must be "necessary." This

3

language requires that the relief requested is not available through some alternative means. *Clinton v. Goldsmith*, 526 U.S. 529, 537 (1999).

At the time plaintiff filed ECF No. 10, he had recently been transferred to Patton State Hospital. It is not clear whether the alleged circumstances he complains of existed there, at the Yolo County Jail, or both. The court cannot determine the necessity of addressing the issues plaintiff complains of, as plaintiff has since been returned to the county jail. Because plaintiff has not met his burden of showing that the order he requests is necessary, the motion must be denied.

Plaintiff's second request for a preliminary injunction focuses on the alleged lack of legal research resources at Patton State Hospital. ECF No. 11. As plaintiff is no longer housed at the hospital, the second motion must also be denied.

**III.   Motions for Appointment of Guardian Ad Litem and Counsel, Motion to Seal**

Plaintiff moves the court for appointment of a guardian ad litem under Federal Rule of Civil Procedure 17(c)(2). That Rule provides:

> A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action.

Plaintiff argues that he suffers from serious mental illness, has been found incompetent to stand trial in state and federal court, and is subject to an involuntary medication order. ECF Nos. 10, 12. In order to address a similar motion, the court in *Bennett v. Lopez,* 2:23-cv-2885-TLN-CKD-P, ordered the Yolo County Sheriff to produce plaintiff's mental health records to the court in all pending actions brought by plaintiff, including this one. The Sheriff has produced plaintiff's medical records confidentially to the court and has requested that the court order them sealed.

Local Rule 141 governs requests to seal documents. E.D. Cal. L.R. 141. That rule provides that documents may be sealed by order of the court upon the showing required by law. L.R. 141(a). It requires the party making the request to "set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the other documents, and all other relevant information." L.R. 141(b).

////

1  "Historically, courts have recognized a general right to inspect and copy public records
2  and documents, including judicial records and documents." *Kamakana v. City & Cty. of
3  Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)) (internal quotation marks omitted). Courts
4  employ one of two standards to determine the propriety of a request to seal. Documents in
5  support of a non-dispositive motion may be sealed for "good cause," while documents in support
6  of dispositive motions are presumptively public and must meet a higher "compelling reasons"
7  standard. *Id.* at 1180. For purposes of a motion to seal, "good cause" is determined by the same
8  standard applicable to motions for a protective order under Federal Rule of Civil Procedure 26(c).
9  *Id*. Good cause exists if the court finds that "particularized harm will result from disclosure of
10 information to the public" and the balance the public and private interests tips in favor of private
11 interests. *Phillips v. GMC*, 307 F.3d 1206, 1211 (9th Cir. 2002).

12 Here, the sheriff seeks to seal plaintiff's medical records, which pertain solely to
13 plaintiff's motions for appointment of a guardian ad litem, a non-dispositive matter. Courts in
14 this circuit have found such records satisfy the "compelling reasons" standard, a higher standard
15 than the good cause standard applicable here. *Aguilar v. Koehn*, No. 3:16-CV-0529-MMD-CBC,
16 2018 U.S. Dist. LEXIS 171744, at *4 (D. Nev. Oct. 4, 2018) ("This court, and others within the
17 Ninth Circuit, have recognized that the need to protect medical privacy qualifies as a "compelling
18 reason" for sealing records," collecting cases). The court finds that plaintiff's interest in the
19 privacy of his sensitive health records outweighs any possible public interest in their disclosure
20 and will therefore grant the sheriff's motion to seal.

21 Analysis of plaintiff's motions for appointment of a guardian ad litem begins with *United*
22 *States v. 30.64 Acres of Land*, 795 F.2d 796 (9th Cir. 1986). There, the Ninth Circuit discussed
23 the interplay between 28 U.S.C. § 1915(e)(1) (then, § 1915(d)), which allows a district court to
24 request that counsel represent an indigent litigant, and Rule 17(c). The court first concluded that
25 § 1915(e)(1) does not authorize district courts to compel counsel to represent an indigent litigant.
26 *30.64 Acres*, 795 F.2d at 801. Rather, the statute authorizes courts to "request" that an attorney
27 take on such representation. *Id.* at 802-03. Nevertheless, "[i]n an appropriate case, a federal
28 court has a duty under § 1915[(e)(1)] to assist a party in obtaining counsel willing to serve for

little or no compensation." *Id.* at 804. In such a case, the court must make an attempt to request the assistance of volunteer counsel or explain its failure to do so. *Id.*

The court then noted that Rule 17(c) "requires the court to take whatever measures it deems proper to protect an incompetent person during litigation." *Id.* at 805. The court has broad discretion in determining what measures are proper and need not appoint a guardian ad litem if it determines that the litigant can be otherwise protected. *Id.* But the court *must* consider whether the litigant is adequately protected. *Id.*

A review of plaintiff's treatment records reveals that plaintiff suffers from significant mental illness and his mental state fluctuates between periods of stability and periods of decompensation. While plaintiff asserts that he has been found incompetent by the state court, he has produced no records substantiating that claim, and a review of the docket of the current criminal case against him reveals that the competency issue has not been resolved. *People v. Bennett*, Yolo County Super. Ct. Case No. CR2023-0488, Minute Orders of July 16 & 18, 2025, available at https://www.yolo.courts.ca.gov/.

Plaintiff's request for appointment of a guardian ad litem have been denied by this court in several of plaintiff's other cases. *E.g.*, *Bennett v. Biden*, No. 2:23-cv-00619-DAD-AC (HC); *Bennett v. Lopez*, No. 2:23-cv-02885-TLN-CKD (HC); *Bennett v. Monroe Detention Center*, No. 2:22-cv-2157-DJC-SCR (PC). Plaintiff provides no candidates willing to act as his guardian ad litem. The court lacks the ability to locate private individuals willing to perform this service. The court has attempted through its pro se pro bono program to locate an attorney willing to take plaintiff's case to no avail. District courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff. *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

1 Plaintiff's complaint did not state viable claims, and plaintiff has given the court no reason to believe that this case has any merit such that appointment of counsel or a guardian ad litem is warranted. The screening order clearly articulated the reasons the complaint did not state a claim and provided plaintiff with an opportunity to remedy those deficiencies, if possible. Because there is no indication that plaintiff will be able to state cognizable claims even if he were assisted, the court recommends that plaintiff's requests for appointment of counsel and a guardian ad litem be denied.

### IV.    Order and Recommendation

Accordingly, it is ORDERED that:

1. The January 30, 2025 request to file documents under seal (ECF No. 14), filed by Yolo County Sheriff Tom Lopez, is GRANTED;
2. The Clerk of Court shall file plaintiff's mental health records from the Monroe Detention Center under seal and *nunc pro tunc* to January 30, 2025 when they were electronically submitted to the court.

It is further RECOMMENDED that:

1. Plaintiff's motions for appointment of a guardian ad litem (ECF Nos. 10, 11, 12) and appointment of counsel (ECF No. 15) be DENIED;
2. Plaintiff's motions for a temporary restraining order (ECF Nos. 10, 11) be DENIED without prejudice; and
3. Plaintiff be directed to file an amended complaint within 30 days of the date of any order adopting these recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

/////

/////

1  Failure to file objections within the specified time may waive the right to appeal the
2  District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*,
3  951 F.2d 1153 (9th Cir. 1991).
4
5  Dated: August 12, 2025

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE